IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRANDON JONES, | Case No. C 15-6145 PSG (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| ALAMEDA DISTRICT ATTORNEY OFFICE, et al., | |
| Defendants. | |

Brandon Jones, a California inmate proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.[1] For the reasons stated below, the court dismisses the complaint for failure to state a claim for relief.

**I.  DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.[2]  In its

---

[1] Jones has consented to magistrate judge jurisdiction.  *See* Docket No. 4.

[2] *See* 28 U.S.C. § 1915A(a).

Case No. C 15-6145 PSG (PR)
ORDER OF DISMISSAL

review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[3]  *Pro se* pleadings must, however, be liberally construed.[4]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.[5]

B.    Jones' Claim

Jones names as defendants the State of California, the Alameda County District Attorney's Office, two superior court judges, Jones' public defender, and a private investigator. Jones complains about the criminal proceedings against him, and alleges such things as: his trial is unfair, he was not given a "fair bail," and the trial court failed to hold a hearing on a motion to suppress.  It is clear from the complaint that Jones' allegations relate to the legalities of his criminal proceedings, and do not concern his conditions of confinement.

Jones fails to state a cognizable claim for relief.  "Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus."[6]  Jones' claims are not appropriate in a Section 1983 complaint, and must instead be brought in a petition for writ of habeas corpus.[7]

## II. CONCLUSION

The complaint is DISMISSED for failure to state a claim.

---

[3] *See* 28 U.S.C. § 1915A(b)(1), (2).

[4] *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

[5] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[6] *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)).

[7] *See Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004) (recognizing that challenges implicating the fact or duration of confinement must be brought through a habeas petition).

Case No. C 15-6145 PSG (PR)
ORDER OF DISMISSAL

IT IS SO ORDERED.

DATED: 3/21/2016

*[signature]*
PAUL S. GREWAL
United States Magistrate Judge

Case No. C 15-6145 PSG (PR)
ORDER OF DISMISSAL